UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-01324-DMG (JCG)** | Date | March 26, 2013 |
| Title | *Marina Chasnik v. Bank of America Home Loans Servicing LP, et al.* | Page | 1 of 6 |

Present: DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. # 50]**

**I.
INTRODUCTION**

Plaintiff Marina Chasnik filed the operative Third Amended Complaint ("TAC") on November 10, 2011 [Doc. # 47] against Defendants Bank of America, N.A,[1] ("BANA") and the Bank of New York Mellon ("BNYM"), raising claims for "quasi-contract," quiet title, an accounting, breach of contract, and breach of the implied covenant of good faith and fair dealing, as well as violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1631 *et seq.*, Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*

On December 23, 2011, Defendants filed a motion to dismiss [Doc. # 50]. Defendants seek to dismiss all of Plaintiff's claims except her third cause of action for violations of TILA and fifth cause of action for violations of the UCL to the extent that TILA is the underlying claim. Both of these claims survived the Court's Order of October 26, 2011, granting in part and denying in part Defendants' motion to dismiss the Second Amended Complaint ("10/26/11 Order") [Doc. # 46]. Plaintiff filed an opposition on January 6, 2012 [Doc. # 54]. On January 13, 2012, Defendants filed their reply [Doc. # 55]. Thereafter, the Court took the matter under submission because it deemed the matter appropriate for decision without oral argument [Doc. # 57].[2] *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

---

[1] Plaintiff erroneously sued Bank of America Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing.

[2] From February 1, 2012 through December 12, 2012, the case was stayed pending the parties' unsuccessful participation in the Court's loan modification mediation program [Doc. ## 60, 82].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-01324-DMG (JCG)** | Date | March 26, 2013 |
| Title | *Marina Chasnik v. Bank of America Home Loans Servicing LP, et al.* | Page | 2 of 6 |

## II.
## FACTUAL BACKGROUND

In June 2006, Plaintiff obtained an $881,000 mortgage loan from IFG Mortgage Services ("IFG"), secured by a deed of trust on real property located in Los Angeles, CA (the "Property"). (TAC ¶ 1, Ex. F.) The deed of trust named Plaintiff as the borrower, Alliance Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id*.) On March 1, 2010, MERS recorded a "Substitution of Trustee and Assignment of the Deed of Trust" substituting ReconTrust Company, N.A. ("ReconTrust") as the trustee and assigning all beneficial interest to BANA (the "Assignment") (Request for Judicial Notice ("RJN"), Ex. 4.) [Doc. # 51.] On March 3, 2010, ReconTrust, as agent for BANA, recorded a "Notice of Default and Election to Sell Under Deed of Trust." (*Id.*, Ex. 3.) Plaintiff admits she owes money on her mortgage, though she challenges the amount and whether any of the money is owed to these Defendants. (TAC ¶ 28.)

## III.
## DISCUSSION

**A.     Quasi-Contract**

Plaintiff's first cause of action, styled as "quasi-contract," seeks restitution for payments to BANA and BYNM that were not paid to the lender or beneficiary. (TAC ¶¶ 37-42.) Plaintiff alleges that BANA and BYNM never acquired an interest in the note, and thus were not entitled to payments. Specifically, Plaintiff alleges that when her loan was transferred to Alternative Loan Trust 2006-0A12, Defendants did not adhere to the requirements of the Pooling and Servicing Agreement ("PSA") (TAC ¶¶ 17, 19), and thus the attempted transfer was void. Plaintiff alleges that the attempted transfer occurred after the closing date provided by the PSA. (*Id.* ¶ 22.) Plaintiff also alleges that other terms were not followed, but does not specify the specific terms or violations. (*Id.*)

In the 10/26/11 Order, this Court denied Defendants' motion to dismiss this claim because they did not address this particular issue. Here, Defendants argue correctly that because Plaintiff is not a party to the trust, she does not have standing to challenge the PSA. *See, e.g.*, *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063 at 6 (C.D. Cal. 2011) ("Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."). None of the parties to the trust have alleged that the transfer has failed, and thus it must be presumed valid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-01324-DMG (JCG)** | Date | March 26, 2013 |
| Title | *Marina Chasnik v. Bank of America Home Loans Servicing LP, et al.* | Page | 3 of 6 |

Plaintiff may only maintain an action for restitution to the extent she has demonstrated harm due to risk of dual payment requirements. Because she has not demonstrated, and cannot demonstrate, any such harm, her first cause of action is dismissed.

**B.     Fair Debt Collection Practices Act**

Plaintiff's second cause of action is against BYNM for a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.* Under the FDCPA "[a] debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692(e). Plaintiff alleges that BYNM violated 15 U.S.C. § 1962(e) by falsely representing the status of the debt, in particular that BYNM had an interest in it, and trying to collect on that debt. (TAC ¶¶ 50-56.)

Plaintiff fails to state a claim. As a threshold matter, BYNM is not a "debt collector" under the statute. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." U.S.C. § 1692a(6); *see also Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Generally, "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability." *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128 at 1 (N.D. Cal. 2009).[3]

Plaintiff has also failed to allege any conduct that violated the FDCPA. As noted above, Plaintiff cannot properly assert that Defendants were not entitled to collect on her debt, and she has not alleged any activities that are illegal for a debt collector who *is* entitled to the debt. Plaintiff has stated that BYNM attempted to collect on the Note and "threatened to take action," but these actions are legal for the owner of the debt. Accordingly, Plaintiff's cause of action under the FDCPA is dismissed.

**C.     Real Estate Settlement Procedures Act**

Plaintiff's fourth cause of action is for violations of RESPA, 12 U.S.C. § 2605, against BANA. Plaintiff alleges that she sent a qualified written request ("QWR") to BANA "on or about August 25, 2011." (TAC ¶ 79.) A QWR is defined as a "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

---

[3] An exception exists where the loan servicer was assigned the debt after it was in default. *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 357, 360 (6th Cir. 2012); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-01324-DMG (JCG)** | Date | March 26, 2013 |
| Title | *Marina Chasnik v. Bank of America Home Loans Servicing LP, et al.* | Page | 4 of 6 |

>    (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>    (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

    Plaintiff has included a copy of the QWR as Exhibit D to the TAC.[4] Defendants argue that this letter is not a QWR because it does not meet the statutory requirements listed above. The letter is clearly a writing with enough information for the servicer to identify the loan. In its response to the QWR, BANA did identify the loan. (TAC, Ex. E.) The remaining question is whether the purported QWR either includes "a statement of the reasons for the belief of the borrower, *to the extent applicable*, that the account is in error *or* provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii) (emphasis added). That the subsection "is written in the disjunctive" means that only one of the two is required. *See Luciw v. Bank of Am., N.A.,* No. 5:10–cv–02779–JF/HRL, 2010 WL 3958715, *3 (N.D. Cal. Oct. 7, 2010). Here, Plaintiff's QWR provides plenty of detail about the information Plaintiff desired.

    Additionally, to be a QWR, a writing must relate to the servicing of a loan, meaning "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3); *see also Consumer Solutions Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) ("[A] QWR must address the servicing of the loan, and not its validity.") This letter does address the servicing of the loan. The letter requests, *inter alia*, "[a] complete life of loan transactional history," "[t]he Transaction Codes for the software platform of the Servicer," and "The MERS Milestone Reports and the Edgar website address for the Pooling and Servicing Agreement, Prospectus and Prospectus Supplement," all of which address the servicing of the loan.

    Defendants argue that Plaintiff was using the QWR to improperly conduct discovery, but that defense goes to the merits of the claims, and is not appropriate for this stage of the

---

[4] The copy of the QWR attached to the TAC is dated November 10, 2011, the same date as the filing of the TAC. In a letter of September 27, 2011, however, BANA acknowledged receipt of the QWR dated August 25, 2011. (TAC, Ex. E.) Accordingly, the Court assumes the printed date is a clerical error in reproduction of the letter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-01324-DMG (JCG)** | Date | March 26, 2013 |
| Title | *Marina Chasnik v. Bank of America Home Loans Servicing LP, et al.* | Page | 5 of 6 |

proceedings, where a dismissal is proper only if there is no cognizable claim within the four corners of the TAC. Plaintiff sent Defendants a proper QWR and has alleged damage to her credit rating as well as overpayments of interest on her loan.

Accordingly, Plaintiff properly states a RESPA claim.

**D.   Unfair Competition Law**

Plaintiff's fifth claim, under the UCL, relies on TILA as its underlying action, and Defendants do not challenge it. In her opposition, Plaintiff requests leave to amend the UCL claim if the FDCPA or RESPA claims proceed. Accordingly, the Court grants leave to amend the UCL claim only to add allegations as to the RESPA claim.

**E.   Accounting**

Plaintiff's sixth cause of action seeks an accounting for payments made by Plaintiff to Defendants. Plaintiff contends that because Defendants held themselves out as the creditor and mortgage servicer, they have a fiduciary duty to account for payments made by Plaintiff. (*See* FAC ¶ 120.) "A cause of action for accounting requires a showing that a relationship exists between the plaintiff and the defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179, 92 Cal.Rptr.3d 696 (2009). The relationship between a borrower and lender, however, is not such a relationship. *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096, 283 Cal.Rptr. 53 (1991) ("[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.") The same is true for loan servicers. *See Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925 at 2 (E.D. Cal. 2009).

Accordingly, Plaintiff's cause of action for accounting is dismissed.

**F.   Quiet Title**

Plaintiff's seventh cause of action is to quiet title to the Property. Plaintiff has not opposed Defendants' motion to dismiss as to this claim. Therefore, Plaintiff's claim to quiet title is dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-01324-DMG (JCG)** | Date | March 26, 2013 |
| Title | *Marina Chasnik v. Bank of America Home Loans Servicing LP, et al.* | Page | 6 of 6 |

### G. <u>Contract Claims</u>

Plaintiff's eighth and ninth causes of action are for breach of contract and breach of the duty of good faith and fair dealing. Plaintiff alleges that Defendants "improperly applied mortgage payments, incorrectly calculated interest, and improperly added fees to Plaintiff's account making it impossible for Plaintiff to ever fulfill her obligations." (TAC ¶¶ 138, 148.) Plaintiff does not, however, provide any information about the miscalculations or the payments that are in error, or why these miscalculations made it impossible to for Plaintiff to fulfill her obligations. Such unadorned allegations are inadequate to state a claim. Therefore, Plaintiff's eighth and ninth causes of action are dismissed.

### H. <u>Leave to Amend</u>

As Plaintiff already has been granted three opportunities to amend her complaint, the Court denies leave to amend, with one exception. Because the RESPA claim is new, and the Court is allowing it to proceed, Plaintiff may amend her UCL claim to include allegations regarding the violation of RESPA.

### IV.
### CONCLUSION

In light of the foregoing, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff's first, second, sixth, seventh, eighth and ninth causes of action are dismissed without leave to amend. Defendants' motion to dismiss is otherwise DENIED.

2. Plaintiff is granted to leave to amend her UCL claim to assert the violation of RESPA. Plaintiff shall file her fourth amended complaint, if any, by **April 10, 2013**.

3. Defendants shall file their responsive pleading within 15 days after service of the fourth amended complaint or receipt of notification that no amended complaint will be filed.

**IT IS SO ORDERED.**